UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NABILA AMINE,

    Plaintiff,

        v.                                             Case No. 16-14414

UNITED STATES OF AMERICA, et al.,

    Defendants.

                                          /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Nabila Amine has filed this action for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). Plaintiff alleges that she slipped and fell on an icy, snow-covered walk while entering a post office in Novi, Michigan, and brings claims of negligence and premises liability against Defendants the United States of America and the United States Postal Service for her injuries. (Dkt. # 1) Before the court is Defendants' motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 4.) The motion is fully briefed and a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the court will grant Defendants' motion.

**I. STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). This standard requires more than bare assertions of legal conclusions.

*Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

However, to survive a motion to dismiss, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) Additionally, on a motion to dismiss, a court is usually limited to the complaint and attached exhibits, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Erie County v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)).

Sovereign immunity bars lawsuits against the United States absent its consent to be sued. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). Through the FTCA, Congress has consented to lawsuits based on federal employees' torts. *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008). In suits under the FTCA, federal

2

courts determine the liability of the United States according to the substantive law of the states where the event giving rise to the alleged liability occurred. *See* 28 U.S.C. § 1346(b)(1); *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995). The parties agree that Michigan's substantive law applies here.

## II.  DISCUSSION

According to her complaint, taken as true for the purposes of this order, Plaintiff was lawfully on the premises of the Novi Post Office in Novi, Michigan on February 25, 2014. (Dkt. # 1.) There was a "large accumulation of snow which covered ice in front of the main entrance way" to the post office, hiding the ice from Plaintiff's view. (*Id.* at Pg. ID 2.) Plaintiff, needing to mail an application to renew her daughter-in-law's green card, attempted to enter the post office despite the obstacle. She slipped on the ice and suffered significant, lasting injuries. (*Id.*)

Plaintiff claims both ordinary negligence and premises liability. "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012) (citing *James v. Alberts*, 626 N.W.2d 158 (Mich. 2001)). Because Plaintiff's injury "arose from an allegedly dangerous condition on the land"—ice under a pile of snow on the walkway—"the action sounds in premises liability rather than ordinary negligence[.]" *Id.* (finding plaintiff's claim that she slipped on ice in defendant's parking lot to sound in premises liability, not ordinary negligence) (citing *James*, 626 N.W.2d at 158). That Plaintiff alleges Defendants created the dangerous condition makes no difference. *See id.* ("[T]his is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury.").

3

Under Michigan law, "a premises possessor owes a duty to use reasonable care to protect invitees from an unreasonable risk of harm caused by dangerous conditions on the premises, including snow and ice conditions." *Hoffner v. Lanctoe*, 821 N.W.2d 88, 91 (Mich. 2012).[1] "Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id.* at 94 (citing *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 185 (Mich. 1995)). With respect to ice and snow cases, "a premises owner has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation, requiring that 'reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee.'" *Id* at 96 (quoting *Quinlivan v. Great Atlatnic & Pacific Tea Co., Inc.*, 235 N.W.2d 732, 740 (Mich. 1975).

Defendants argue that Plaintiff's complaint fails to state a claim because, taken as true, Plaintiff's allegations describe an open and obvious danger. "[L]iability does not arise for open and obvious dangers *unless special aspects* of a condition make even an open and obvious risk *unreasonably dangerous*." *Id.* at 91 (emphasis in original). This is because "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id.* at 94 (citations omitted). Whether a danger is open and obvious "depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it

---

[1] The duty of care owed by the premises possessor depends on whether the plaintiff is an invitee, a licensee, or a trespasser. *See Hoffner*, 821 N.W.2d at 94, n.8. Here, the parties agree that Plaintiff was an invitee.

4

upon casual inspection." *Id.* at 95 (citing, among others, *Joyce v. Rubin,* 612 N.W.2d 360, 364 (Mich. Ct. App. 2002); *Lugo v. Ameritech Corp., Inc.*, 629 N.W.2d 384, 387-88 (Mich. 2001)). "Michigan courts thus ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Id.* at 96-97 ("no dispute" that "readily apparent patch of ice" on sidewalk in front of defendant's fitness center was open and obvious) (citations omitted).

Defendants quote *Ververis v. Hartfield Lanes*, 718 N.W.2d 382, 386 (Mich. Ct. App. 2006) (on remand) (per curiam), stating, "[A]s a matter of law . . ., by its very nature, a snow-covered surface presents an open and obvious danger because of the high probability that it may be slippery." (Dkt. # 4, Pg. ID 27.) In the Sixth Circuit, federal courts "accept the holding of a state intermediate appellate court with respect to state law unless [the court] determines that the highest court of the state would decide otherwise." *Bennett v. MIS Corp*, 607 F.3d 1076, 1095 (6th Cir. 2010) (quoting *United States v. Philp*, 460 F.3d 729, 732 (6th Cir. 2006)). Thus, unless this court determines that the Michigan Supreme Court would overturn *Ververis*, the snow-covered ice that Plaintiff slipped on was an open and obvious danger as a matter of law.

Plaintiff does not argue that the Michigan Supreme Court would decide otherwise. Rather, Plaintiff attempts to distinguish *Ververis* in two ways: "First, *Ververis* involves the natural accumulation of snow on top of ice. . . . Our case involves man-made snow mounds placed on top of ice directly in front of the only doorway and they are knee high." (Dkt. # 6, Pg. ID 50.) "Second, the Plaintiff in *Ververis* actually saw the

5

ice. It was impossible for Plaintiff in our case to have notice of the ice due to the fact the man-made snow mounds were covering the ice." (*Id.*) The court disagrees.

### A. Unnatural Accumulation of Snow

First, Plaintiff contends that Michigan courts apply a different standard in cases where the snow accumulation was not natural but a result of the premises possessor's actions. (*See* Dkt. # 6, Pg. ID 50-51.) For support, Plaintiff points to *Whinnen v. 231 Corp.*, 212 N.W.2d 297, 301 (Mich. Ct. App. 1973) and *Hampton v. Master Prods.*, 270 N.W.2d 514 (Mich. Ct. App. 1978). Defendant objects that *Whinnen* and *Hampton* are part of a line of cases concerning the liability of municipalities relating to their obligation to clear public roads and sidewalks. (Dkt. # 7, Pg. ID 65.)

> *Hampton*, at least, makes this explicit:
>
> The mere presence of snow or ice on a highway, street, or walk in wintertime, which causes travelers difficulty, does not constitute negligence on the part of the public authorities. A municipality in Michigan is not negligent if it omits to protect pedestrians from dangers to life and health which are caused by the accumulations of ice and snow on sidewalks from natural causes. . . .
>
> When, however, the accumulation of snow or ice is the result of unnatural causes, the municipality may be liable. In order to render a municipality liable, the interference with travel must be unusual or exceptional, that is, different in character from conditions ordinarily and generally brought about by winter weather in a given locality.

*Hampton*, 270 N.W.2d at 516. Moreover, the liability in *Hampton* did not flow from common law tort principles, but from statute. *See id.* at 515 (citing Mich. Comp. Laws § 691.1402, which provides a private right of action against governmental agencies for failing to keep highways in reasonable repair).

*Whinnen*, on the other hand, does not cabin its reasoning to municipalities and concerns ordinary negligence of a landlord, his tenant, and the municipality. 212 N.W.2d

6

at 301. Another Michigan appellate court, in 1971, found that "[t]he standard of duty of the municipality to those who use its streets and sidewalks is the same as that of the owner or occupier of premises to an invitee. In such cases the criterion is whether the danger was caused by natural or unnatural and artificial conditions." *Gillen v. Martini*, 188 N.W.2d 43, 44-45 (Mich. Ct. App. 1971) (quoting *Perl v. Cohodas, Peterson, Paoli, Nast Co.*, 294 N.W. 697, 701 (Mich. 1940)) (internal quotation marks omitted).

In 1975, the Michigan Supreme Court resolved this ambiguity in *Quinlivan*, 235 N.W.2d at 740. After a lengthy discussion of the "natural accumulation rule" on which Plaintiff relies, the court distinguished the liability of municipalities from that of private occupiers of premises. *Id.* ("To the extent pre-existing case law authority indicated that the natural accumulation rule applied in an invitor-invitee context, that authority is overruled."). The court quoted at length from Littlejohn, Torts, 1974 Annual Survey Mich. Law, 21 Wayne L.Rev. 665, 677, 678 (1975), stating with approval: "The liability of an owner or occupier should not be determined solely by the condition of the premises, natural or artificial, but rather by the occupier's conduct in relation to those conditions—that is, considering all of the circumstances, was due care exercised." *Quinlaven*, 235 N.W.2d at 257-58.

Plaintiff has not produced, and the court has been unable to find, any Michigan cases distinguishing between natural and artificial snow accumulations in the context of invitor-invitee premises liability since *Quinlaven*. Defendants point to a recent case involving an unnatural accumulation of ice where the court applies the standard set out in *Hoffner* without discussing the natural-unnatural distinction that Plaintiff makes. (Dkt. # 7, Pg. ID 68-69 (discussing *Buhalis*, 822 N.W.2d at 258).) The court concludes that

7

the natural accumulation rule applies only to municipalities and the standard set out in *Hoffner* governs for private defendants without regard for whether the snow and ice accumulation is natural or unnatural. As the FTCA waives sovereign immunity only with respect to where local law would make a private person liable in tort, not where a municipal entity would be liable, *see U.S. v. Olson*, 54 U.S. 43 (2005), the natural accumulation rule does not apply to Defendants. Plaintiff has provided no authority to support a meaningful distinction between natural and unnatural accumulations of snow in this context under Michigan law.

### B. Visibility of Ice

Plaintiff next argues that, because Plaintiff never saw the ice underneath the snow, *Ververis* does not apply. But Plaintiff's statement that the *Ververis* plaintiff "actually saw the ice" is incorrect. (Dkt. # 6, Pg. ID 50). In its earlier opinion finding a jury question as to whether the danger was open and obvious—vacated by the Michigan Supreme Court—the Michigan Court of Appeals explained that both the plaintiff and his companion testified that "while they were aware of the presence of snow, they were not aware of the presence of ice until after [the plaintiff] fell." *Ververis v. Hartfield Lanes*, 2005 WL 1185595 (Mich. Ct. App. December 15, 2005), vacated and remanded, 706 N.W.2d 743 (Mich. 2005). On remand, in the per curiam opinion relied upon by Defendants, the Michigan Court of Appeals expressly held "as a matter of law" that "a snow-covered surface presents an open and obvious danger . . . even though . . . there was no other factor that would have alerted [the plaintiff] to that danger." *Ververis*, 718 N.W.2d at 67. Plaintiff fails to meaningfully distinguish this case from *Ververis*.

8

Plaintiff, in her complaint, asserts that "there was a large accumulation of snow which covered ice in front of the main entrance way . . . making the danger hidden from plain view." (Dkt. # 1, Pg. ID 2.) Taken as true, the court concludes that Plaintiff alleges she was harmed by a danger which is open and obvious danger as a matter of law under *Ververis*. Under Michigan law, where a large accumulation of snow is visible, whether natural or otherwise, "a reasonably prudent person would foresee the danger" that the snow may conceal ice, which is slippery. *Hoffner*, 821 N.W.2d at 96-97.[2] As a result, Plaintiff fails to state a claim upon which relief may be granted unless an exception to the "open and obvious" doctrine applies. *Id.*

### C. Exceptions to "Open and Obvious" Doctrine

The Michigan Supreme Court has recognized two kinds of "special aspects" of open and obvious hazards that could still give rise to liability: "when the danger is *unreasonably dangerous* [and] when the danger is *effectively unavoidable*." *Id.* at 96 (citations omitted) (emphasis in original). Plaintiff argues that because the snow accumulation was "man-made," it was unreasonably dangerous. But Plaintiff, again, relies on a distinction between natural and unnatural snow accumulation that is irrelevant under Michigan law. This result is intuitive—a mound of snow on top of a patch of ice does not become more dangerous, or unreasonably dangerous, merely because the snow did not accumulate naturally. And the risk of slipping on ice is not sufficiently dangerous, on its own, to meet the exception for open and obvious dangers. *See Royce v. Chatwell Club Apartments*, 740 N.W.2d 547, 551 (Mich. Ct. App. 2007).

---

[2] "Because the issue of the openness and obviousness of a hazard is an integral part of the question of *duty*, establishing whether a duty exists in light of the open and obvious nature of the hazard is an issue within the province of the court." *Hoffner*, 821 N.W.2d at 103 (citations omitted) (emphasis in original).

9

Plaintiff's response brief does not argue that the danger was effectively unavoidable. The complaint states, "[Plaintiff] had to mail a package this day to renew her daughter in law's [sic] green card application by express mail as time was of the essence and therefore she had no choice but to enter the facility to use the express mail service." (Dkt. # 1, Pg. ID 2.) In *Hoffner*, the Michigan Supreme Court clarified that "the standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or compelled to confront a dangerous hazard. . . . [S]ituations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Hoffner*, 821 N.W.2d at 99 (finding that icy patch on only entrance to fitness center was not "effectively unavoidable") (emphasis in original). This is a "limited exception designed to avoid application of the open and obvious doctrine only when a person is subjected to an unreasonable risk of harm." *Id.* Courts have found hazards to be effectively unavoidable when the plaintiff needed to confront them to exit a building or return to a parking lot, *Attala v. Orcutt*, 857 N.W.2d 275, 279 (2014); when the plaintiff was legally required to enter a specific area or building, *Dybek v. Fedex Trade Networks Transp. & Brokerage, Inc.*, 997 F. Supp.2d 767, 776 (E.D. Mich. 2014) (fiding hazard effectively unavoidable where customs officer had directed plaintiff to unload his non-cleared freight at that specific warehouse); and when the Plaintiff was carrying out a health-related employment duty, *Lymon v. Freedland*, 887 N.W.2d 456, 464 (2016).

Accepting Plaintiff's allegations regarding her need to send the package that day as true, the snow-covered ice patch was still not "effectively unavoidable" within the meaning of *Hoffner*. Plaintiff could have gone to a different post office, or used a commercial service such as Federal Express or United Parcel Service. Plaintiff chose to

10

use the Novi Post Office as opposed to myriad other options, and she did so despite the open and obvious danger presented by the "large accumulation of snow in front of the main entrance way." (Dkt. # 1, Pg. ID 2.) This does not, and cannot, present an effectively unavoidable hazard. Plaintiff's complaint, as alleged, cannot meet either exception to the open and obvious doctrine, and so fails to state a claim upon which relief may be granted. Accordingly, the court will grant Defendants' motion.

### D. CONCLUSION

IT IS ORDERED that Defendants' motion to dismiss (Dkt. # 4) is GRANTED. Plaintiff's complaint (Dkt. # 1) is DISMISSED under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

                                                  s/Robert H. Cleland             /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: March 28, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 28, 2017, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                 /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522